IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>                     Plaintiff,<br><br>          v.<br><br>URBAN OUTFITTERS, INC.,<br><br>                     Defendant. | **Case No.** 26-cv-8519<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

**<u>INTRODUCTION</u>**

1.      Plaintiff JAMES ALGER ("Plaintiff") brings this action against Defendant URBAN OUTFITTERS, INC. ("Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, et seq., and the California Disabled Persons Act ("CDPA"), Cal Civ. Code. § 54, et seq.

2.      Plaintiff is, and at all relevant times was, an individual with a physical disability that substantially limits one or more major life activities. Plaintiff requires the use of a wheelchair or mobility scooter for ambulation.

3.      In January 2026, Plaintiff visited a clothing store owned and/or operated by Defendant in Pasadena, California.

4.      During his visit, Plaintiff encountered architectural barriers that denied him full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the subject premises. Specifically, the interior path of travel was too narrow on the ground floor. There was also no accessible path of travel to the upper levels.

5.      As a result of these barriers, Plaintiff was unable to fully access and enjoy the subject premises and continues to be deterred from returning until such barriers are removed.

**<u>JURISDICTION AND VENUE</u>**

6.      The United States District Court, Central District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq.  Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Civil Rights Act and the California Disabled Persons Act.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

7.      This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, which includes the cost of injunctive relief sought, damages, and attorney's fees, exclusive of interest and costs, and the parties are citizens of different states.

8.      Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

9.      Plaintiff JAMES ALGER is, and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a disease of the peripheral nerves that control muscles and causes progressive loss of function and sensation in the hands, arms, legs, and feet. This physical impairment substantially limits Plaintiff's major life activities, including walking and performing manual tasks. As a result, Plaintiff relies on a scooter or a wheelchair for mobility. Plaintiff resides in Porter Ranch, California.

10.      Defendant owns, operates, and/or leases Urban Outfitters store at 139 W Colorado Blvd, Pasadena, CA 91105 ("Urban Outfitters"), and did so at all times relevant to this Complaint, including during Plaintiff's visit. Urban Outfitters is a clothing store and therefore constitutes a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

11.      Based on publicly available information, URBAN OUTFITTERS, INC., is a Pennsylvania Corporation with its principal place of business at 5000 South Broad St Philadelphia, PA 19112.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

## FACTUAL ALLEGATIONS

12.    On January 23, 2026, Plaintiff visited Urban Outfitters store in Pasadena while in the area for a lunch meeting with his son. Plaintiff chose this location because it was close to a Tesla Supercharger, and he wanted to do some shopping.

13.    Upon entering the store, Plaintiff had difficulty navigating inside because the interior accessible route did not provide a continuous path to key areas of the facility. As Plaintiff attempted to navigate through the aisles using a mobility scooter, Plaintiff found that the aisles were too narrow to pass comfortably between the fixtures. This made it difficult for Plaintiff to access the merchandise of interest. Additionally, the interior route was obstructed by merchandise and inventory, which further interfered with his ability to move throughout the store.

14.    As Plaintiff continued to navigate the store, Plaintiff observed that the interior route was also blocked by furniture and decorative displays, making it increasingly difficult to find an accessible path of travel. Plaintiff attempted to access the upper levels of the store but found that vertical access was unavailable. Although the store contained an elevator, it was out of service.[1] There were also storage bins that blocked access to the elevator.

15.    As a result of these accessibility barriers, Plaintiff felt frustrated, embarrassed, and excluded and ultimately left the store without making any purchases. Plaintiff experienced discomfort throughout the visit due to the numerous barriers encountered. Although Plaintiff would consider returning to Urban Outfitters in the future, Plaintiff is currently deterred from doing so.

---

[1] Even if the elevator had been functioning that day, it would not have provided access to every level selling merchandise, as a subsequent inspection revealed that the elevator does not serve all such levels.

Plaintiff would return only if the accessibility barriers have been removed or otherwise corrected. Until then, Plaintiff will choose to shop elsewhere when in the area.

16. Prior to filing this action, and as part of counsel's pre-suit due diligence, Plaintiff's counsel retained an accessibility inspector to conduct a sub rosa inspection of the subject premises. The inspection included observing and documenting accessibility conditions, taking measurements, and identifying barriers to access encountered by Plaintiff. The inspection confirmed that the subject premises contain accessibility barriers that deny Plaintiff full and equal access. With respect to the interior path of travel, the inspector measured portions of the accessible route ranging from approximately 16 to 28 inches in width, which is insufficient to provide an accessible route. As part of this pre-suit investigation, Plaintiff's counsel also consulted with a Certified Access Specialist ("CASp") regarding the applicable accessibility standards and the conditions observed at the subject premises. Based on the sub rosa inspection and consultation with the CASp, Plaintiff is informed and believes, and thereon alleges, that the following accessibility barriers exist at the subject premises and interfere with Plaintiff's full and equal access:

1) Certain aisles are not 36 inches minimum wide when serving elements on one side and are not 44 inches minimum wide when serving elements on both sides.
2) The POS counter surface height is over 34 inches.[2]
3) The elevator emergency box handle requires twisting to operate.
4) Some elevator buttons are mounted above accessible reach range.

---

[2] Measured at 38 inches above the finished floor.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

5) The store has three levels, but the elevator only provides access to level 2.

6) The main door requires more than 5 pounds of force to operate.

7) The bench in the changing room does not provide a 30-inch by 48-inch clear floor space at the short side of the bench.

8) The changing room does not provide compliant turning space.

9) No signage is provided to identify or direct users to the accessible changing room.

17. The barriers encountered by Plaintiff are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

## FIRST CLAIM

## VIOLATION OF THE ADA, TITLE III

## [42 U.S.C. §§ 12101 et seq.]

18. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 17 of this Complaint and incorporates them herein as if separately replead.

19. Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA.

20. Urban Outfitters is a place of public accommodation subject to the requirements of Title III of the ADA.

21. During his visit, Plaintiff encountered accessibility barriers, including an inaccessible path of travel.

22. Defendant failed to provide Plaintiff with full and equal access to the premises as required by 42 U.S.C. §§ 12182 and 12183 and the regulations

promulgated thereunder.

23.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

24.    The removal of the alleged barriers is readily achievable because the required work consists primarily of routine repairs, maintenance, adjustments, installation of compliant signage, and minor modifications to existing features, rather than extensive structural alterations. These improvements can generally be completed at a relatively modest cost while providing significant benefits by improving access for individuals with disabilities and ensuring equal access to the goods and services offered at the facility. With respect to the elevator, Defendant can provide equivalent facilitation by moving merchandise from the inaccessible level to a level that is served by an elevator. Accordingly, the costs of barrier removal do not outweigh the substantial accessibility and compliance benefits.

25.    In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

26.    Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.

27.    On information and belief, as of the date of Plaintiff's visit to the subject premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

28.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000a-3(a)) and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Urban Outfitters, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

### [Cal. Civil Code §§ 51 et seq.]

29.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint and incorporates them herein as if separately replead.

30.     Urban Outfitters is a business establishment within the meaning of the Unruh Act.

31.     Defendant is the owner and/or operator of a business establishment.

32.     Defendant has violated the Unruh Act by his acts and omissions:

- Failure to construct or alter Urban Outfitters in compliance with state building code and state architectural requirements;

- Failure to remove known barriers to access at Urban Outfitters;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9

- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Urban Outfitters;
- Failure to maintain accessible features in violation of CBC 11B-108; and
- Violation of the ADA, including the 1991 and/or 2010 Standards, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

33.    Plaintiff has experienced barriers to access at the facilities, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

34.    On information and belief, Urban Outfitters are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

35.    These barriers to access render the facilities inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

36.    Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

10

37.    On information and belief, the access features of Urban Outfitters have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendant does not modify his policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

38.    At all times mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendant failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

39.    Based on Defendant's violations of the Unruh Act, Plaintiff seeks and is entitled to damages of at least $4,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code §52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs. *Id.*

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §§ 54 *et seq.*]

40.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 39 of this Complaint and incorporates them herein as if separately replead.

41.    Urban Outfitters is a place of public accommodation and thus must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

42.    The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

43.    The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

44.    The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

45.    Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

- Failure to construct or alter Urban Outfitters in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at Urban Outfitters;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the facilities;
- Failure to maintain accessible features in violation of CBC 11B-108; and
- Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

46.    Based on Defendant's violations of the DPA, Plaintiff seeks and is entitled to damages of at least $1,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Cal. Civ. Code § 54.3. Plaintiff is also

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

entitled to his reasonable attorneys' fees, and costs. *Id.*[3]

WHEREFORE, Plaintiff requests relief as outlined below.[4]

## **PRAYER FOR RELIEF**

1. Plaintiff does not have an adequate remedy at law for the harm caused by the conditions described in this Complaint. The barriers at Defendant's business have interfered with Plaintiff's ability to access the premises and have deterred him from returning. Unless those conditions are corrected, Plaintiff will continue to face the same access barriers and resulting harm.

2. There is a real and ongoing dispute between the parties regarding whether Defendant's conduct complies with Title III of the Americans with Disabilities Act and California law. Plaintiff seeks a declaration finding that the conditions at issue violate the ADA.

3. Plaintiff further seeks injunctive relief requiring Defendant to bring Urban Outfitters into compliance with the ADA and California law. This includes, but is not limited to, an order requiring Defendant to:

   i. Remove the access barriers identified in this Complaint;
   ii. Ensure that individuals with disabilities are afforded the same access and benefits as other patrons; and
   iii. Provide and *maintain* accessible features.

4. Plaintiff requests that the Court retain jurisdiction to ensure that the required modifications are implemented and maintained.

5. Plaintiff also seeks recovery of his reasonable attorneys' fees, litigation expenses, and costs as permitted by law.

---

[4] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

13

6.    Award Plaintiff all appropriate damages, including, but not limited to, statutory damages of no less than $4,000 for each violation under the Unruh Civil Rights Act, or, in the alternative, no less than $1,000 for each violation under the California Disabled Persons Act.

7.    Plaintiff requests such other and further relief that the Court may deem just and proper.

Date: August 2, 2026            ALLACCESS LAW GROUP


*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.


Date: August 2, 2026            ALLACCESS LAW GROUP


*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14